**Filed 7/12/96**

UNITED STATES OF AMERICA,

        Plaintiff-Appellant,

v.

ANTHONY GAULT,

        Defendant-Appellee.

No. 95-2196

**ORDER**

Before **BALDOCK**, **HENRY** and **MURPHY**, Circuit Judges.

Defendant Anthony Gault's Petition for Rehearing with Suggestion for Rehearing En Banc is denied. The majority and concurring opinions filed on June 4, 1996, in this matter are withdrawn and the accompanying unanimous opinion is substituted therefore.

It is hereby ordered that the petition for rehearing is DENIED, the suggestion for rehearing en banc is DENIED, and the Opinion filed on June 4, 1996, is WITHDRAWN. The Opinion accompanying this Order shall be filed by the Clerk of Court. The judgment entered June 4, 1996 remains effective.

Entered for the Court

PATRICK FISHER, Clerk


By_____
      Deputy Clerk

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

ANTHONY GAULT,

Defendant-Appellee.

No. 95-2196

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
### (D.C. No. CR 95-229-JP)

Richard A. Friedman, United States Department of Justice, Washington, D.C., (John J. Kelly, United States Attorney; Charles L. Barth, Assistant United States Attorney, Albuquerque, New Mexico, with him on the briefs), for Plaintiff-Appellant.

Joseph W. Gandert, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellee.

Before **BALDOCK**, **HENRY** and **MURPHY**, Circuit Judges.

**MURPHY**, Circuit Judge.

Defendant was charged with possession of phencyclidine (PCP) with intent to distribute, in violation of 21 U.S.C. § 841(a). At a pre-trial hearing, the district court granted defendant's motion to suppress evidence seized after a search of defendant's gym bag. We **reverse.**

On April 3, 1995, DEA agent Kevin Small boarded an Amtrak train stopped in Albuquerque, New Mexico, en route to Chicago from Los Angeles. Agent Small, looking for evidence of drug trafficking, noticed a zippered nylon gym bag on the floor in front of aisle seat number 29. The bag, which appeared to be new, protruded into the aisle approximately five inches. His interest piqued, Small kicked and lifted the bag to determine its weight. He testified that the bag was heavy, which in his experience was consistent with the presence of drugs. Small then knelt down and sniffed the seam of the bag to see if he could detect an odor of marijuana coming from the bag. He testified that he smelled ether, which is used in the manufacture of PCP.

When the defendant, Anthony Gault, re-boarded the train and sat down in seat number 29, Small approached him and initiated a conversation. After identifying himself as a DEA agent, Small asked the defendant his destination and where he had boarded the train. Thereafter, Small asked Gault for consent to search his bag. When Gault refused, Small asked if he could smell the bag. Gault, unaware of Small's previous sniff of the bag, responded, "Go ahead,

smell." After kneeling down to smell the bag, Agent Small advised Gault that he was going to detain the bag and attempt to obtain a warrant to search it. Small told Gault that he would mail the bag to him if no evidence of contraband was found.

Small then obtained a warrant to search the bag, which was found to contain six whiskey bottles filled with PCP. Gault was subsequently arrested when his train stopped in Las Vegas, New Mexico, and thereafter charged with possession of PCP with intent to distribute, in violation of 21 U.S.C. § 841(a). At a pre-trial hearing, the district court granted the defendant's motion to suppress the PCP on the grounds that Agent Small's kicking and lifting of Gault's bag constituted an unlawful search in violation of the Fourth Amendment. The district court held that Gault had a reasonable expectation of privacy in his bag based on the fact that the bag was placed directly in front of his seat and not in the common baggage area or overhead compartment. Conceding that Gault had no reasonable expectation of privacy in the air surrounding his bag, the district court nevertheless held that any evidence obtained as a result of the initial sniff was tainted because the sniff was precipitated by Agent Small's unlawful kicking and lifting of the bag.

This court reviews the district court's determination that a search has occurred *de novo*. *United States v. Lambert*, 46 F.3d 1064, 1067 (10th Cir. 1995).

The ultimate determination of reasonableness under the Fourth Amendment is also a question of law reviewed *de novo*. *Id.*

An unconstitutional search occurs when the government violates an individual's reasonable expectation of privacy. *See, e.g., Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). To hold an expectation of privacy that is "reasonable," an individual must have a subjective expectation of privacy that society is prepared to recognize as objectively reasonable. *Id.*

Assuming that Gault had a subjective expectation that his bag would not be kicked or lifted as it was in this case, his expectation was not objectively reasonable. Gault left his bag unattended, with no one there to watch it or to protect it from being kicked or lifted. The bag was placed in front of an aisle seat so that a window seat passenger would have had to step over it, possibly kicking it in the process, or lifting the bag to avoid it. Perhaps more importantly, the bag protruded nearly half a foot into the aisle of the train car, making it more likely to be encountered by another passenger or railroad employee.

It is irrelevant that Gault's bag was kicked and lifted by Agent Small for the specific law enforcement purpose of determining its weight, instead of by a passenger or employee for non-law enforcement purposes. *See California v. Ciraolo*, 476 U.S. 207, 213-14 (1986). The information that Small obtained from the kick and lift of the bag, its weight and the solidity of its contents, was the

same information that a passenger would have obtained by kicking the bag accidentally or by lifting it to clear the aisle.

The same Fourth Amendment analysis applies to Agent Small's sniff of Gault's bag. Our precedent establishes that there is no reasonable expectation of privacy in the air surrounding one's luggage. *See, e.g., United States v. Garcia*, 42 F.3d 604, 606 (10th Cir. 1994), *cert. denied*, 115 S. Ct. 1713 (1994). Accordingly, Agent Small's sniff was not a search under the Fourth Amendment.

For the foregoing reasons, the district court's order is **REVERSED** and the case **REMANDED** for further proceedings.