104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William ORTIZ, Plaintiff-Appellant,
v.
UNITES STATES of America, Defendant-Appellee.
 No. 95-2584.
 United States Court of Appeals, Second Circuit.
 Sept. 3, 1996.
 
 William Ortiz, pro se, Bradford, Pa.
 Nicole A. LaBarbera, Ass't U.S. Att'y, SDNY, N.Y., NY.
 Present: MESKILL, KEARSE, MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was submitted by plaintiff pro se and by counsel for defendant.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order and judgment of said District Court be and they hereby are affirmed.
 
 
 3
 Petitioner William Ortiz appeals from a judgment of the United States District Court for the Southern District of New York, Sonia Sotomayor, Judge, denying his petition pursuant to 28 U.S.C. § 2255 to vacate his sentence principally on the ground that his trial counsel provided ineffective assistance. For the reasons that follow, we affirm.
 
 
 4
 Preliminarily we address the question of appellate jurisdiction. The district court's opinion and order denying Ortiz's petition on its merits was issued in March 1995 and was entered on the docket on April 4, 1995. That order ended with the statement that "the Clerk of the Court is directed to enter judgment dismissing the petition." On August 7, 1995, Ortiz filed a notice of appeal, stating that a final judgment had been entered on July 13, 1995. If the time of appeal ran from the July 13 date (the district court docket entries do not reflect a judgment entered on that date or any other date), the present appeal was timely filed. However, in Williams v. United States, 984 F.2d 28, 31 (2d Cir.1993), this Court held that there is no requirement that a judgment be entered in a § 2255 proceeding and that the time to appeal begins on the date of entry of the final § 2255 order. Thus, if Williams is to be applied here, Ortiz's time to appeal commenced on April 4, 1995, and the present appeal is untimely. We question whether Williams should be applied here because the district court's order stated explicitly that the clerk of the court was to enter a judgment, and Ortiz may thereby have been misled to believe that his time to appeal did not begin to run prior to entry of the judgment. In light of the court's mistaken indication in its order that a judgment should be entered, we decline to dismiss this appeal for failure to file the notice of appeal within a period measured from the entry of the order. Cf. Thompson v. INS, 375 U.S. 384 (1964) (per curiam) (reinstating appeal, which had been dismissed as untimely, because appellant had relied on district court's explicit, but erroneous, statement that appellant's motion pursuant to Fed.R.Civ.P. 52 and 59 was timely, with result that appellant delayed filing notice of appeal until beyond the period allowed from entry of judgment).
 
 
 5
 As to the merits of the appeal, we find no basis for reversal. Ortiz's petition was properly dismissed substantially for the reasons stated in Judge Sotomayor's Opinion and Order dated March 22, 1995.
 
 
 6
 We have considered all of Ortiz's arguments on this appeal and have found them to be without merit.
 
 
 7
 The order and judgment of the district court are affirmed.