In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-1412

ANNIE GODOSKI,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 99 CR 696—**Elaine E. Bucklo**, *Judge.*

ARGUED SEPTEMBER 9, 2002—DECIDED SEPTEMBER 23, 2002

Before EASTERBROOK, KANNE, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Prosecuted jointly for bank fraud, Annie Godoski and her husband William both pleaded guilty. Each was sentenced to 366 days' imprisonment. With the prosecutor's consent, the district court deferred the start of Annie's term until 60 days after the end of William's, so that one of the two always would be available to care for the couple's son. After William's release, and with her own incarceration looming, Annie asked the district court to "commute" her term; on being informed that only the President may commute a sentence, and that district judges lack authority to reduce terms they have imposed, see Fed. R. Crim. P. 35(a), Annie asked the court to issue a writ of error *coram nobis* to an-

nul her conviction—because, she contends, ineffective assistance of counsel led to her guilty plea. She observes that one lawyer represented two defendants, which she insists worked to her disadvantage. But cf. *Mickens v. Taylor*, 122 S. Ct. 1237 (2002). The district judge did not address the merits of this contention, however, ruling instead that *coram nobis* is not available to one who has yet to begin serving a sentence—and that 28 U.S.C. §2255 likewise is unavailable because Annie allowed more than a year to pass after her conviction became final before filing a collateral attack.

Annie does not dispute the district court's conclusion that a petition under §2255 would be untimely. Although §2255 ¶6(4) allows one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence", she does not try to take advantage of this opportunity. Her claim is ignorance not of any material fact but of the one-year deadline itself (and ignorance of the legal significance of the fact that one attorney represented both Annie and William). Ignorance of the law does not justify an extension of the one-year period to commence a collateral attack. See *Wilson v. Battles*, No. 01-4336 (7th Cir. Sept. 10, 2002); *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000). Nonetheless, Annie's new lawyer contends, *coram nobis* supplies a route around the time limit. The one-year period in §2255 ¶6 applies only "to a motion under this section"—and *coram nobis* rests on the All Writs Act, 28 U.S.C. §1651, rather than on §2255.

One problem with this position is that *coram nobis* is used only in those rare situations when the defendant is no longer "in custody" (rendering §2255 unavailable) yet collateral relief remains imperative to deal with lingering civil disabilities. See *United States v. Bush*, 888 F.2d 1145 (7th Cir. 1989); *United States v. Keane*, 852 F.2d 199 (7th Cir. 1988). A person whose incarceration lies in the

future is in custody and has full access to §2255. See *Hensley v. Municipal Court*, 411 U.S. 345 (1973); *Maleng v. Cook*, 490 U.S. 488, 493 (1989). The premise of *coram nobis* is unsatisfied.

Counsel insists that *coram nobis* should be available more broadly and may be used whenever no other relief is available. Yet *coram nobis* is a common-law writ, and it is entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress, such as the period of limitations in §2255. The Supreme Court made exactly this point in *Carlisle v. United States*, 517 U.S. 416 (1996), another case in which a criminal defendant who missed a deadline tried to use *coram nobis* to obtain relief belatedly. The Justices replied:

> "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction* v. *United States Marshals Service*, 474 U.S. 34, 43 (1985). As we noted a few years after enactment of the Federal Rules of Criminal Procedure, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *United States* v. *Smith*, 331 U.S. [469], at 475, n. 4 [(1947)]. In the present case, Rule 29 provides the applicable law.

517 U.S. at 429. In *Carlisle* the deadline was set by Fed. R. Crim. P. 29, and here it was set by §2255 ¶6. The effect on *coram nobis* is identical, as we held in *Owens*, 235 F.3d at 360.

Our point is not that the period of limitations in §2255 ¶6 applies to claims under other federal statutes. That would be inconsistent with *Felker v. Turpin*, 518 U.S. 651

(1996), which held that statutory scope must be respected, and that 28 U.S.C. §2244(b), which limits successive petitions in the district court under §2254, therefore does not foreclose original petitions in the Supreme Court under §2241 (though the Court said in *Felker* that its exercise of discretion under §2241 would be guided by the criteria in §2244(b)). The point, rather, is that after *Carlisle* it is not possible to change the source of authority to grant relief by changing the caption on a piece of paper. To say that a claim arises under §1651 does not make it so, any more than calling a donkey's tail a "leg" gives the animal five legs. No matter what its caption, a motion is under §2255 if it falls within the description of §2255 ¶1. That's the implication of *Carlisle* and the holding of *Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000), and *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000), which concluded that prisoners cannot avoid restrictions added to §2255 in 1996 by the Antiterrorism and Effective Death Penalty Act by captioning their papers under Fed. R. Crim. P. 33 rather than §2255. A postconviction filing that fits the description of §2255 ¶1 *is* a motion under §2255, and subject to its restrictions, no matter what the pleader says. See also, e.g., *Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998) (motion to recall mandate); *Dunlap v. Litscher*, No. 02-1960 (7th Cir. Sept. 6, 2002) (collecting authority) (motion under Fed. R. Civ. P. 60(b)).

Paragraph 1 of §2255 reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

> attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

That description covers the papers Annie Godoski has filed. She is in custody and seeks relief from a criminal sentence on the ground that it was imposed in violation of the Constitution because her lawyer rendered ineffective assistance. So her claim arises under §2255, is untimely, and was properly dismissed.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*