14

**William ORTIZ, Petitioner–Appellant,**

v.

**State of NEW YORK, Defendant–Appellee.**

No. 02–2514.

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

See also 1995 WL 130516.

William Ortiz, Otisville, NY, pro se.

Nancy D. Killian, Assistant District Attorney, on behalf of Robert T. Johnson, District Attorney for Bronx County, Bronx, NY, for Appellee.

Present: MESKILL, MINER, and STRAUB, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff-appellant William Ortiz, *pro se,* appeals from an order and subsequent judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*), dismissing with prejudice Ortiz's petition for a writ of error *coram nobis,* pursuant to 28 U.S.C. § 1651, the All Writs Act.

This case has a convoluted procedural history that begins in New York State

Supreme Court, Bronx County, in 1982, with Ortiz pleading guilty to Criminal Sale of a Controlled Substance in the Fifth Degree (New York Penal Law § 220.31). Ortiz was sentenced to five years' probation and he did not, at that time, appeal (or otherwise challenge) his state court conviction. He apparently completed his term of probation without incident.

In 1990, however, Ortiz was convicted, after a jury trial, of conspiracy to possess with intent to distribute 2.1 kilograms of heroin, in violation of 21 U.S.C. § 846. *See Ortiz v. United States*, No. 92 Civ. 2491, 1995 WL 130516, at *1 (S.D.N.Y. March 24, 1995). Based on the 1982 state court conviction, the District Court (Nicholas Tsoucalas, *Judge*, sitting by designation) sentenced Ortiz as a career criminal principally to 600 months' incarceration and he is currently serving that sentence. *See id.* at *3. Ortiz's appeal of that conviction, challenging only the scope of the government's cross-examination of him at trial, was denied. *See id.*

Beginning in March 1992, Ortiz filed several unsuccessful motions in federal court, challenging his federal conviction and sentence, which did not raise any issues about the validity of his state court conviction (the argument that he now asserts). His first motion—to vacate his federal sentence pursuant to 28 U.S.C. § 2255—argued, *inter alia*, ineffective assistance of counsel. *See id.* On March 24, 1995, the District Court (Sonia Sotomayor, *Judge*) denied that motion on the merits, *see id.* at *2, and, on appeal, we affirmed, *see Ortiz v. United States*, No. 95–2584, 1996 WL 498136 (2d Cir. Sept. 3, 1996) (table). And on February 27, 1996, Judge Tsoucalas, who had originally sentenced Ortiz, denied Ortiz's petition to reduce his sentence, on grounds different from those presented here, pursuant to 18 U.S.C. § 3582(c)(2). *See Ortiz v. United States*, Nos. 89 Cr. 810, 92 Civ. 2491, 1996 WL 82349, at *1 (S.D.N.Y. Feb. 27, 1996).

In the meantime, in 1993, Ortiz filed in the district court a § 2254 petition challenging his 1982 state court conviction. This petition was denied without prejudice because of Ortiz's failure to exhaust available state remedies. In October 1993, we dismissed Ortiz's appeal.

Between February and November 1998, Ortiz filed three motions in New York state court to vacate the 1982 judgment pursuant to New York Criminal Procedure Law § 440.10. These motions were each denied and the Appellate Division, First Department, in all three cases, denied Ortiz leave to appeal.

On January 31, 2000, Ortiz filed another § 2255 motion challenging the use of an allegedly tainted state conviction to enhance his federal sentence. The District Court (Thomas P. Griesa, *then-Chief Judge*) transferred Ortiz's motion to this Court, construing it as a second or successive motion. This Court treated the motion as an application to file a successive petition and denied the application on May 22, 2000.

In July 2000, Ortiz filed the instant petition, styled as a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651, in which he argued, *inter alia*, that his 1982 conviction violated his due process rights because "the plea was induced by the court's promise that if the petitioner entered a plea of guilty he would receive probation." Soon thereafter, in December 2000, Ortiz filed a § 2254 petition (his second), arguing that his due process rights were violated when the state court judge took an active role in the plea bargaining that led to his 1982 conviction. Both the *coram nobis* petition and the § 2254 petition were assigned by the District Court (Jed S. Rakoff, *Judge*) to a magistrate judge (James C. Francis, *Magistrate Judge*).

On October 9, 2001, the Magistrate Judge recommended that the district court dismiss Ortiz's § 2254 petition because, *inter alia,* (i) the petition was untimely filed; and (ii) the claim could not be reviewed because Ortiz was challenging a state conviction for which his sentence had expired but which had formed the basis for enhancing a federal sentence that he was then serving, and, under *Daniels v. United States,* 532 U.S. 374, 380–82, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), absent rare circumstances, such state convictions are conclusively presumed valid. By its order dated January 25, 2002, and over Ortiz's objection, the District Court adopted the Magistrate Judge's findings and denied Ortiz's § 2254 petition. In January 2003, we dismissed Ortiz's appeal, affirming the District Court's holding that his habeas petition was untimely filed.

In October 2001, after issuing a Report and Recommendation concerning Ortiz's § 2254 petition, the Magistrate Judge issued an order directing Ortiz to submit an affidavit stating why his *coram nobis* petition should not be dismissed on the same grounds. Ortiz failed to respond to this order and, on November 16, 2001, the Magistrate Judge recommended that the *coram nobis* petition be dismissed. The District Court adopted this recommendation, dismissing Ortiz's *coram nobis* petition with prejudice for the reasons stated in the October 9, 2001 Report and Recommendation. Judgment was entered on May 21, 2002, and Ortiz timely filed his notice of appeal on May 27, 2002. The District Court subsequently denied Ortiz's

application for a Certificate of Appealability.

On appeal, Ortiz argues that the District Court improperly applied the § 2254 time limitations and standard of review to his *coram nobis* petition. The State argues, however, that Ortiz's petition was properly construed as a § 2254 petition and that we should dismiss Ortiz's appeal because he has not received the requisite Certificate of Appealability. In the alternative, the State asserts that Ortiz should not be afforded the "extraordinary remedy" of *coram nobis* because he has not alleged any constitutional violation.

Ortiz is correct that federal courts have the authority to grant a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651.[1] *See United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *Fleming v. United States,* 146 F.3d 88, 89 (2d Cir.1998) (per curiam). In more recent decisions, however, the Supreme Court has clarified that " '[t]he All Writs Act is a *residual* source of authority to issue writs that are *not otherwise covered by statute.* Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.' " *Carlisle v. United States,* 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (emphasis added) (refusing to grant writ of error *coram nobis* where Rule 29 governed particular issue in question) (quoting *Penn. Bureau of Corr. v. United States Marshals Serv.,* 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985) (refusing to invoke ad hoc authority under All Writs Act where remedy sought was, in essence, a writ of

---

**1.** It is not clear, under Second Circuit case-law, whether *coram nobis* can be used in federal court to attack a state court judgment. In a recent opinion, the Third Circuit joined four other circuits in holding that a defendant "can seek coram nobis relief [for a state court conviction] only in state court." *See Obado v.*

*New Jersey,* 328 F.3d 716, 718 (3d Cir.2003) (collecting cases from the Fourth, Fifth, Seventh and Tenth Circuits). Because we find, for other reasons, that the relief Ortiz seeks is unavailable, we need not resolve this question.

habeas corpus *ad testificandum* governed by 28 U.S.C. § 2243)).

In this case, Ortiz asserts that a prior, invalid state conviction was improperly used to enhance his current federal sentence. The relief sought by Ortiz–a reduction in the federal sentence that he is currently serving—is "covered by" 28 U.S.C. § 2255.[2] The fact that Ortiz cannot actually obtain relief under this statute, *see infra*, does not change the result mandated by *Carlisle*, particularly where, as here, his reliance on *coram nobis* is merely a transparent attempt to circumvent the procedural obstacles that barred his § 2255 motion. "Prisoners bringing actions that fall within the scope of 28 U.S.C. § 2255 may not evade the restrictions on such actions by seeking a writ of coram nobis." *United States v. McCrory*, No. 01–3008, 2001 WL 936382, at *1 (D.C.Cir. July 19, 2001) (unpublished per curiam); *see also Godoski v. United States*, 304 F.3d 761, 763 (7th Cir.2002) (same), *cert. de-*

*nied*, —— U.S. ——, 123 S.Ct. 1304, 154 L.Ed.2d 1059 (2003); *United States v. Baptiste*, 223 F.3d 188, 189–90 (3d Cir. 2000) (same). Accordingly, under the *Carlisle* rule, the District Court properly denied Ortiz's petition for a writ of error *coram nobis*.[3]

As noted above, even if Ortiz had properly characterized his petition as a § 2255 motion, he would not prevail. He has already attempted to challenge his state conviction in the § 2255 motion that he filed on January 31, 2000. That motion was dismissed by the District Court because Ortiz had not obtained permission to file a second and successive petition, and we subsequently denied Ortiz's application for such permission. (Because Ortiz is merely leveling the same arguments, we need not reconsider the denial of that application.) As such, the District Court lacked jurisdiction to consider Ortiz's application as a § 2255 motion.[4]

---

2. Ortiz concedes that he cannot bring a § 2254 petition because he is no longer in state custody. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (explaining that defendant is not in state custody under § 2254 merely because his prior state conviction was used to enhance his current sentence).

3. Even if Ortiz's petition were cognizable as a *coram nobis* petition, it would lack merit. In reviewing a petition for a writ of error *coram nobis*, a federal court must "presume the proceedings were correct." *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir.1992). "[R]elief under the writ is strictly limited to those cases in which errors ... of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir.1996) (citations and internal quotation marks omitted). Ortiz has failed to demonstrate that the "extraordinary remedy" of *coram nobis* would be appropriate in this instance. *Fleming*, 146 F.3d at 90, 91 (quoting *Morgan*, 346 U.S. at 511). He does not provide so much as

a scintilla of documentation that his state court conviction was illegal or unjust, or that sound reasons exist for his failure to seek appropriate earlier relief.

4. Although we need not reach these issues, the District Court also properly determined that, even if construed as a § 2255 motion, Ortiz's application is time-barred and meritless. In *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), the Supreme Court held that a petitioner in Ortiz's position–who objects to the use of a prior state conviction to enhance his federal sentence–"may not collaterally attack his prior conviction through a motion under § 2255" because "[t]he presumption of validity that attached to the prior conviction at the time of sentencing is conclusive." *Id.* at 382. The only possible exception to this rule, according to the *Daniels* Court, might arise in a case where the defendant alleged that the prior conviction was "the product of a *Gideon* [v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] violation." *Id.; cf. United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (granting relief

For the foregoing reasons, we AFFIRM the district court's order denying Ortiz's petition for a writ of error *coram nobis*.

under § 2255 to petitioner whose federal sentence was enhanced based on prior state convictions where petitioner had not been represented by counsel in violation of *Gideon* ). Ortiz makes no such allegation and, as such, his § 2255 motion would fail.