**David C. KANZ, Plaintiff–Appellant,**

v.

**State of WISCONSIN and Dane County, Defendants–Appellees.**

No. 03–2430.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2003.*

Decided Dec. 18, 2003.

David C. Kanz, pro se, Greenfield, WI, for Plaintiff–Appellant.

John J. Glinski, Office of the Attorney General, Madison, WI, Cal W. Kornstedt, Office of the Corporation Counsel, Madison, WI, for Defendant–Appellee.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

**Order**

David Kanz, who is on probation following his conviction for criminal slander in Wisconsin, asked the district court to issue a declaratory judgment that his conviction is "void" because he lacked counsel during some pretrial proceedings. Because probation is a form of custody, and the only way to challenge state post-judgment custody is through a collateral attack under 28 U.S.C. § 2254, see *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the district court instructed Kanz to amend his pleadings to seek that relief; the court also gave Kanz the opportunity to withdraw the claim if he wished to avoid using the single opportunity normally allowed under 28 U.S.C. § 2244(b)(1). (Amendment also presumably would name Kanz's custodian. Given that states are not "persons" under 42 U.S.C. § 1983, see *Lapides v. University of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), and that Dane County is not the sovereign that rendered the judgment of conviction, this suit lacks a proper defendant.) When Kanz refused to comply with this directive, the district court dismissed his suit.

Kanz wants the termination of his parole, something that can be achieved only through a collateral attack under § 2254. Although the line between civil litigation under § 1983 and collateral attack under § 2254 can be hazy, there is no uncertainty about its application to a claim that denial of counsel makes a conviction and all ensuing custody "void." What is more, given *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a collateral attack is essential; until the conviction has been set aside by the judiciary (or by the executive, via a pardon), other forms of

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a).

legal relief that depend on or suppose the conviction's invalidity must be postponed. Kanz asserts that he may challenge a "void" judgment under Fed.R.Civ.P. 60(b)(4), but that rule applies only in federal civil litigation (and then only in the district that rendered the judgment). The judgment that Kanz proposes to contest is neither federal nor civil. These proceedings are controlled by *Preiser* and *Heck;* the district judge was right to say that it is a collateral attack or it is nothing at all. See also, e.g., *Godoski v. United States,* 304 F.3d 761 (7th Cir.2002). As Kanz does not want relief under § 2254, the judgment is

AFFIRMED.