UNITED STATES of America, Plaintiff–Appellee,

v.

Sailesh AKKARAJU, Defendant–Appellant.

No. 03–3241.

United States Court of Appeals, Seventh Circuit.

Submitted April 19, 2004.*

Decided April 19, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Michelle L. Jacobs, Milwaukee, WI, for Plaintiff–Appellee.

Sailesh C. Akkaraju, Ullin, IL, pro se.

Before POSNER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Sailesh Akkaraju appeals from the denial of a self-styled petition for a writ of error coram nobis. We affirm the district court's judgment.

Akkaraju was CEO and co-owner of Advantage Mortgage in Milwaukee, Wisconsin, which brokered millions of dollars in home loans. From late 1996 to April 1998, Akkaraju and others at Advantage secretly acquired more than 40 properties and resold them to buyers who used Advantage to find lenders. To obtain loans for the buyers, Advantage lied about the buyers' financial status, falsified the amounts of down payments, inflated property appraisals, and concealed the ownership interest of Akkaraju and his confederates. Akkaraju eventually pleaded guilty to one count of conspiring to defraud the lenders and transport the proceeds in interstate commerce, 18 U.S.C. §§ 371, 1344, 2314, and in 1999 he was sentenced to 20 months' imprisonment and three years' supervised release. He did not file a direct appeal.

Four years later, after immigration authorities had ordered him deported, Akkaraju filed under the cause number of his criminal case the first of a series of submissions apparently intended to forestall his deportation. In May 2003, while on supervised release, Akkaraju filed motions for a "declaratory judgment" that his conspiracy conviction was not an "aggravated felony" or "crime of moral turpitude" for immigration purposes, as well as for leave to withdraw his guilty plea on the ground that it had been entered without knowledge of the immigration consequences. The district court dismissed the first motion for lack of jurisdiction but construed the second as a petition for a writ of error coram nobis and denied it in June 2003 after giving it a new civil cause number. Akkaraju did not appeal either ruling. Instead, in August 2003 he filed two more motions under the cause number of his criminal case, the first a request for a stay of deportation, and the second a "motion for writ of error coram nobis." The district court denied both motions, and Akkaraju, who since has been deported to India, appeals only the second.

Though the district court reached the merits, we note a more fundamental reason why the court was right to deny Akkaraju's submission: despite its title, the August motion was not a request for coram nobis relief at all. When he filed the

motion, Akkaraju was on supervised release, which means he was still "in custody" for purposes of § 2255. *Kusay v. United States,* 62 F.3d 192, 193 (7th Cir. 1995). And as we said in *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000), "[p]ersons still in custody must look to § 2254 or § 2255 for relief" and cannot use coram nobis "to escape statutory restrictions on those remedies," *id.* at 360; *see Godoski v. United States,* 304 F.3d 761, 762–63 (7th Cir.2002). Thus, while Akkaraju undoubtedly would have faced a time bar had he correctly identified his "coram nobis" motion (or the earlier motion to set aside his guilty plea) as a motion to vacate under § 2255, *see* 28 U.S.C. § 2255 ¶ 6, that is what the motion was, *see Melton v. United States,* 359 F.3d 855, 858 (7th Cir.2004); *Godoski,* 304 F.3d at 763–64; *United States v. Evans,* 224 F.3d 670, 672 (7th Cir.2000). Coram nobis was not even a possibility until Akkaraju's sentence expired.

■ That aside, the district court correctly discerned that relief would be unwarranted even if conceivable. Akkaraju's "coram nobis" motion sought to have his guilty plea set aside on the premise that ignorance of the immigration consequences of a conviction rendered his guilty plea involuntary. But that claim could not have led to relief; coram nobis is an extraordinary remedy, one granted only under compelling circumstances, *United States v. Morgan,* 346 U.S. 502, 511, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States v. Keane,* 852 F.2d 199, 202 (7th Cir.1988), and no broader in scope than a motion to vacate under 28 U.S.C. § 2255, *see Keane,* 852 F.2d at 204. Akkaraju is correct that a defendant must have sufficient awareness of the consequences of his guilty plea in order for that plea to be knowing and voluntary, *United States v. Ruiz,* 536 U.S. 622, 628–29, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002); *United States v. Kelly,* 337 F.3d 897, 904 (7th Cir.2003), but the defendant need only be informed about direct, not collateral, consequences, *Warren v. Richland County Circuit Court,* 223 F.3d 454, 457 (7th Cir.2000). Immigration consequences are collateral. *See Santos v. Kolb,* 880 F.2d 941, 944 (7th Cir.1989); *United States v. George,* 869 F.2d 333, 337–38 (7th Cir.1989). Thus, even ignoring that Akkaraju had retained an immigration lawyer before he pleaded guilty, and that immigration matters were in fact discussed during his plea colloquy, Akkaraju's challenge to his guilty plea would not have entitled him to relief under § 2255, *George,* 869 F.2d at 335–38, and so neither could it have afforded relief under the narrower remedy of coram nobis.

AFFIRMED.