**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 2, 2008[*]
Decided October 9, 2008

## Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 08-2179 | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| ROBERT L. SLEEPERS, *Defendant-Appellant*. | No. 3:03 CR 084 AS<br>Robert L. Miller, Jr., *Chief Judge*. |

## Order

Sleepers pleaded guilty in 2004 to a cocaine-distribution conspiracy. 21 U.S.C. §846. He admitted in a written plea agreement to distributing approximately 100 kilograms of cocaine. This, plus Sleepers's prior convictions (covered by an information under 21 U.S.C. §851), set the statutory minimum penalty at 240 months' imprisonment, which was the sentence the district court imposed. After the Sentencing Commission lowered the offense level for crack cocaine and made the change retroactive, see U.S.S.G. §2D1.1(c); Amendment 706, Sleepers asked the district court to reduce his sentence. The judge declined, and Sleepers has appealed.

All that need be said to resolve this appeal is that Sleepers's sentence is already the lowest permitted by law. It therefore makes no difference how much of the 100 kilograms was crack and how much was cocaine hydrochloride, or what changes the Commission has made to the Guidelines. Nothing the Commission has done could authorize (or purports to authorize) a district judge to disregard a statutory minimum penalty. See *Neal v. United States*, 516 U.S. 284 (1996). (Sleepers believes that his 240-month sentence is unlawful because the §251 information was untimely, but he has al-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

ready filed and lost a collateral attack. The requirements of a successive collateral attack have not been satisfied, so application of the statutory minimum is no longer open to question. See *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002).)

AFFIRMED