NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2010[*]
Decided December 16, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2475

| | |
|---|---|
| DAVID HARGROVE, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 09-3078 |
| | |
| UNITED STATES OF AMERICA, | Jeanne E. Scott, |
| *Respondent-Appellant.* | *Judge.* |

**O R D E R**

David Hargrove appeals from the denial of a motion to set aside a 1989 conviction for conspiracy to distribute cocaine, *see* 42 U.S.C. § 846. Having already failed to obtain relief on direct appeal and collateral review over a decade ago, he filed the current motion last year under the All Writs Act, *see* 28 U.S.C. § 165. The district court construed the filing as a writ of error *coram nobis* and denied it on the merits. Because Hargrove was still in custody when he filed the motion, the motion was an unauthorized successive petition under 28 U.S.C. § 2255, and should have been dismissed for lack of jurisdiction.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Following his conviction, Hargrove was sentenced to 150 months' imprisonment and ten years' supervised release. Several years after we affirmed his conviction and sentence on direct appeal, Hargrove filed a petition for collateral review under 28 U.S.C. § 2255. The district court denied the petition along with Hargrove's request for a certificate of appealability. Hargrove appealed that denial, and we too issued an order denying his request for a certificate of appealability. In March of this year, while still serving his term of supervised release, Hargrove filed the present motion for relief from his conviction. He raises three arguments that his conviction is unlawful: a defect in his indictment deprived the district court of jurisdiction, he is actually innocent, and he was sentenced under the wrong provision of the criminal code. Observing that Hargrove was not incarcerated when he filed the document, the district court construed the filing as a petition for a writ of error *coram nobis* and went on to deny it on the merits, explaining that the petition failed to raise any grounds for collateral relief. Hargrove filed a motion for reconsideration, which was also denied. He appeals from the denial of both his motion under the All Writs Act and his motion for reconsideration.

We do not address the merits of Hargrove's appeal. As the government observes, the district court lacked jurisdiction to consider Hargrove's filing, which the court should have dismissed as an unauthorized successive petition under 28 U.S.C. § 2255. The writ of *coram nobis* is an extraordinary form of relief, used only when a defendant is not in custody—rendering § 2255 is unavailable—*and* collateral relief is necessary to alleviate a civil disability flowing from an invalid conviction. *See Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002); *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). But a motion that a defendant files after the time for direct appeal has expired, while in custody, and raising grounds mentioned in § 2255, is a collateral attack under § 2255, regardless of the label the defendant assigns it. *See United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000).

Hargrove's most recent motion fits the description of a petition under § 2255. Hargrove filed it long after he lost on direct appeal and while still subject to supervised release, which is a form of custody, *see United States v. Presley*, 487 F.3d 1346, 1349 (11th Cir. 2007); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995); *United States v. Larson*, 417 F.3d 741, 747 (7th Cir. 2005). Because he has already filed one petition under § 2255, he needed to receive permission from us to file the second. 28 U.S.C. §§ 2244(b)3; 2255(h). And because he did not receive advance permission from us, the filing should have been dismissed for want of jurisdiction. *See Jackson v. United States*, 463 F.3d 635, 639-40 (7th Cir. 2006); *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005). (We can consider Hargrove's appeal to be an implied request for such permission. *Nunez v. United States*, 92 F.3d 990, 991-92 (7th Cir. 1996). But he does not assert newly discovered evidence or a new rule of

constitutional law, as required by 28 U.S.C. § 2255(h); accordingly, we deny permission for a successive collateral attack.).

Finally, it matters not that Hargrove's term of supervision expired during the pendency of this appeal. The question is whether the district court had jurisdiction to review the petition, and we examine jurisdiction based on the circumstances prevailing at the time Hargrove asked the district to exercise it. *See Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 427 (7th Cir. 2009). When Hargrove filed his petition with the district court, he was still under supervised release and therefore in custody.

We VACATE the judgment of the district court and REMAND with instructions to DISMISS for lack of jurisdiction. We also DENY Hargrove's implied request for permission to file a successive collateral attack.