**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS FRANCISCO FERNANDEZ,

    Defendant - Appellant.

No. 24-2120
(D.C. Nos. 1:23-CV-00171-WJ &
1:17-CR-03237-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Jesus Francisco Fernandez appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate or set aside his conviction. He contends that his trial counsel was constitutionally ineffective because counsel did not present a novel theory at his motion-to-suppress hearing. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we affirm the judgment below.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Our prior opinion on Fernandez's direct appeal sets forth the factual background of this case. *See United States v. Fernandez*, 24 F.4th. 1321 (10th Cir. 2022). We repeat only what is necessary to resolve Fernandez's § 2255 appeal.

On October 25, 2017, Fernandez's Greyhound bus stopped for a layover in Albuquerque, New Mexico. After the passengers got off the bus, DEA special agents Jarrell Perry and Kirk Lemmon boarded the bus for a routine check of the luggage aboard. The agents proceeded by "lifting bags to gauge weight, and smelling bags for substances often used to mask the scent of drugs." *Fernandez*, 24 F.4th at 1324. Agent Perry noticed that a large black duffel bag in the overhead compartment was "drooping" because "it was not filled to capacity." *Id.* at 1325 (internal quotation marks omitted). He lifted the bag and noted that it "felt very, very heavy." *Id.* (internal quotation marks omitted). Surmising that the bag "contained illegal narcotics," Agent Perry "passed the bag to Agent Lemmon to show him what he had observed and then returned the bag to the overhead compartment." *Id.* The agents' "interaction with the bag lasted about 30 seconds." *Id*.

When the passengers reboarded the bus, Agent Perry walked down the length of the bus with the bag and asked each passenger whether it belonged to him or her. Fernandez ultimately identified the bag as his and allowed Agent Perry to search it. Agent Perry found an oblong bundle containing methamphetamine and arrested Fernandez.

A grand jury indicted Fernandez on one count of possession of methamphetamine with intent to distribute. He moved to suppress the evidence found

in the duffel bag, primarily arguing that "when Agent Perry grabbed the black duffel bag off the overhead rack and carried it from passenger to passenger, the agent unlawfully seized the bag." *Id.* at 1330. At the suppression hearing, Fernandez's counsel also questioned whether Agent Perry's *initial* interaction with the duffel bag while the passengers were off the bus—taking the bag down from the overhead compartment and holding it—was an unlawful search. On cross examination, however, Agent Perry had testified that he did not "squeeze" or "burp[]" the bag. R., Vol. 3 at 97–98. Fernandez's counsel conceded at argument that although there could be inferences drawn about whether there was a Fourth Amendment violation "from the initial encounter of the bag," "the court [was] correct" that the agents had testified that they "didn't squeeze" the bag and did not "feel [its] contents." *Id.* at 223–24.

In its order denying the motion to suppress, the court addressed the agents' initial handling of the bag. It concluded that because there was "no evidence here that the agents squeezed or manipulated the bag, or pressed in the sides of the bag with their hands to determine its contents," the agents' actions "did not depart from the type of handling a commercial bus passenger would reasonably expect his baggage to be subjected to, and therefore did not constitute a search." R., Vol. 2 at 75–76.

Fernandez proceeded to trial, and a jury found him guilty. He appealed the district court's denial of his motion to suppress. His appellate counsel (who had not represented him at trial) expanded on the theory that the agents' initial handling of the duffel was unlawful. Counsel now argued that *even if* the agents had not squeezed

3

or manipulated the bag, they nevertheless crossed the constitutional line by lifting the bag for 30 seconds (the lifting-duration argument). *See Fernandez*, 24 F.4th at 1328. We refused to consider this theory because it was not properly raised before trial and was therefore waived. *See Id.* at 1328–30.

Fernandez then sought relief under 28 U.S.C. § 2255, contending that his trial counsel was unconstitutionally ineffective because he failed to raise the lifting-duration argument at the motion-to-suppress stage. The district court rejected his claim but granted a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring certificate of appealability to take appeal to circuit court from ruling under § 2255).

We review de novo the district court's legal conclusions in rejecting a § 2255 motion. *See United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015). Claims of ineffective assistance of counsel are governed by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. In other words, it "fell below an objective standard of reasonableness as measured by prevailing professional norms." *Barrett*, 797 F.3d at 1213 (internal quotation marks omitted). Our review of counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689. We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted).

4

"Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. There must be a "reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Barrett*, 797 F.3d at 1214 (internal quotation marks omitted).

We need not address the second *Strickland* prong because we agree with the district court that trial counsel's performance was not deficient. Fernandez argues that trial counsel should have been aware that the agents' initial handling of the bag constituted an illegal search under *existing* Tenth Circuit and Supreme Court precedent. He contends that the lifting-duration theory is not novel in this circuit.

We disagree. Although Fernandez's lifting-duration argument is not frivolous, its adoption would have been an expansion of controlling case law. Precedents held only that agents who *squeeze* or otherwise *manipulate* passengers' bags perform a search. *See Bond v. United States*, 529 U.S. 334, 336, 337–39 (2000) (holding that agent who "squeezed a green canvas bag and noticed that it contained a 'brick-like' object" violated the Fourth Amendment because his "probing tactile examination" went beyond what a bus passenger would reasonably expect other passengers or bus employees to do); *United States v. Nicholson*, 144 F.3d 632, 639 (10th Cir. 1998) (holding that agent violated the Fourth Amendment when he removed a bag from the overhead compartment of a bus and manipulated it); *see also United States v. Johnson*, 43 F.4th 1100, 1112 (10th Cir. 2022) (holding that agent who reached inside a backpack and felt a large bundle performed a "probing tactile examination" in violation of the Fourth Amendment (internal quotation marks omitted)). We have

5

not previously held that merely lifting a bag—without squeezing or otherwise manipulating it—constitutes a search. Indeed, our precedent suggests the opposite. *See United States v. Gault*, 92 F.3d 990, 992 (10th Cir. 1996) (holding that officer who kicked and lifted a passenger's bag that protruded into the aisle did not perform a search because the information he obtained regarding the bag's "weight and solidity" was "the same information" a passenger would obtain "by kicking the bag accidentally or by lifting it to clear the aisle"); *cf. United States v. Hill*, 805 F.3d 935, 938 (10th Cir. 2015) (explaining that a passenger "could reasonably expect departing passengers might remove his luggage from the rack to get a firm grip on an adjacent bag" and that "arriving passengers might reposition his bag to an adjacent rack in an effort to consolidate the arriving passengers' luggage"). It is telling that Fernandez does not point us to *any* case in *any* circuit adopting his lifting-duration theory.

Fernandez's trial counsel did not provide ineffective assistance by failing to raise this novel legal theory. "[L]ife is short. Realistically, counsel do not have the time, and therefore are not required, to do everything possible to help their clients. They are not ineffective because they fail to conceive, research, and raise every novel argument that has a chance to prevail." *United States v. Babcock*, 40 F.4th 1172, 1177 (10th Cir. 2022); *see United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004) ("[C]ounsel's failure to raise or recognize a potential legal argument does not automatically render counsel's performance constitutionally deficient." The Constitution "does not insure that defense counsel will recognize and raise every conceivable constitutional claim.").

Moreover, foregoing the lifting-duration theory in favor of the theory presented at the suppression hearing (which had substantial case support) was a reasonable strategic decision. "Counsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Harrington v. Richter*, 562 U.S. 86, 107 (2011).

Fernandez also argues that trial counsel had a duty to raise the lifting-duration argument in order to preserve it for appellate review. But again, the Constitution does not mandate that counsel preserve every theory that might be of interest on appeal. If it was acceptable for counsel not to raise the argument in the first instance, then it was acceptable not to make the argument for the sole purpose of appellate review.

Finally, because "the motion and the files and records of the case conclusively show that [Fernandez] is entitled to no relief," 28 U.S.C. § 2255(b), we agree with the district court that an evidentiary hearing is not necessary.

We **AFFIRM** the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge