**Woodrow FLEMING, Petitioner–Appellant.**

v.

**UNITED STATES of America, Respondent–Appellee,**

**Docket No. 97–2723.**

United States Court of Appeals, Second Circuit.

Argued April 28, 1998.

Decided June 1, 1998.

Ira Mickenberg, New York, New York, for Petitioner–Appellant.

John R. Kroger, Assistant United States Attorney, Eastern District of New York (Zachary W. Carter, United States Attorney, David C. James, Assistant United States Attorney), for Respondent–Appellee.

Before: VAN GRAAFEILAND, MESKILL, and CABRANES, Circuit Judges.

PER CURIAM:

In November 1988, petitioner-appellant Woodrow Fleming pleaded guilty to possession of a counterfeit certificate of title for an automobile, in violation of 18 U.S.C. § 513(a), and was sentenced principally to 18 months' imprisonment, three years' supervised release, and a $25,000 fine. He did not file a direct appeal of his conviction. While still in custody serving out his sentence, Fleming filed two *pro se* habeas corpus petitions pursuant to 28 U.S.C. § 2255. Both petitions were denied by the district court, and the denials were affirmed by summary order on appeal to this Court. *See Fleming v. United States,* 17 F.3d 391 (2d Cir.1993) (table); *Fleming v. United States,* 935 F.2d 1278 (2d Cir.1991) (table). Having been released from confinement and having concluded his term of supervised release, petitioner again sought to vacate his conviction, this time by means of a petition for a writ of error coram nobis. He argued that his conviction should be vacated because it was tainted by various alleged constitutional violations, including the withholding by the government of exculpatory evidence, in violation of the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the acceptance by the court of his plea of guilty at a time when he was allegedly mentally incompetent. The United States District Court for the Eastern District of New York (Charles P. Sifton, *Chief Judge*) denied the petition. Because petitioner has failed to allege a continuing legal disability resulting from his conviction, we affirm the judgment of the district court.

The Supreme Court held in *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that the federal courts are authorized to grant the ancient common law writ of error coram nobis under the terms of the All Writs Act, 28 U.S.C. § 1651(a).[1] Coram nobis is essentially a remedy of last resort for petitioners who are

---

**1.** The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropri-ate in aid of their respective jurisdictions agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus. The Supreme Court emphasized in *Morgan* that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." 346 U.S. at 511, 74 S.Ct. 247; *see Foont v. United States,* 93 F.3d 76, 78 (2d Cir.1996) ("Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid.") (internal quotation marks and citations omitted). In reviewing a petition for the writ, a federal court must "presume the proceedings were correct. The burden of showing otherwise rests on the petitioner." *Nicks v. United States,* 955 F.2d 161, 167 (2d Cir.1992).

■ We review *de novo* the issue of whether the district court applied the proper legal standard, but we review the district court's ultimate decision to deny the writ for "abuse of discretion." *Foont,* 93 F.3d at 79. We have held that to obtain coram nobis relief a petitioner must demonstrate that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Foont,* 93 F.3d at 79 (internal quotation marks, citations, and alterations omitted). The requirement that the petitioner demonstrate continuing legal consequences from his conviction derives from the Supreme Court's observation in *Morgan* that "[a]lthough the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." 346 U.S. at 512–13, 74 S.Ct. 247. Accordingly, we have found continuing legal consequences that would support granting the writ where a prior conviction deprives a petitioner of his right to vote

under state law, *Kyle v. United States,* 288 F.2d 440, 441 (2d Cir.1961) (per curiam), or serves as an "aggravating factor" in sentencing for a subsequent offense, *Nicks,* 955 F.2d at 167. On the other hand, we have also held that the mere "desire to be rid of the stigma" of a conviction is not enough. *United States v. National Plastikwear Fashions,* 368 F.2d 845, 846 (2d Cir.1966) (per curiam); *see also United States v. Osser,* 864 F.2d 1056, 1060 (3d Cir.1988) ("Damage to reputation is not enough.").

■ In the instant case, the district court denied the petition on the ground that, *inter alia,* petitioner "fail[ed] to allege and this Court is unable to divine any disability which would satisfy the continuing legal consequences requirement for coram nobis relief." On appeal, petitioner, who has the benefit of counsel for purposes of this appeal but who filed his petition in the district court *pro se,* forthrightly concedes that his petition "did not specify a continuing legal disability." Appellant's Brief at 10. He argues, however, that we should disregard this otherwise fatal error because the district court "failed to make any inquiry into whether this omission resulted from his *pro se* status and ignorance of the law." *Id.* Just as *pro se* complaints "must be liberally construed," *Williams v. Kullman,* 722 F.2d 1048, 1050 (2d Cir.1983) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam)), a district court must review a *pro se* petition for collateral relief "with a lenient eye, allowing borderline cases to proceed," *id.*[2] Where, however, a petition fails even vaguely to suggest an essential element of a claim for relief, the district court is not required to overlook the deficiency. Petitioner cites no controlling authority to the contrary, nor are we aware of any.

■ On appeal, in urging us to remand the case to the district court, petitioner suggests that he suffers from a continuing legal consequence of his conviction because he is "disabled from employment in a variety of financial jobs. *See* 15 U.S.C. § 78o(b)(4)(B)."

---

**2.** *Williams* was a habeas proceeding pursuant to 28 U.S.C. § 2255. "Because of the similarities between coram nobis proceedings and § 2255

proceedings, the § 2255 procedure often is applied by analogy in coram nobis cases." *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir.1996).

Appellant's Brief at 11. The statutory provision he cites relates to prohibitions on the licensing of securities brokers. Even were we to overlook petitioner's failure to raise—or even remotely to suggest—this argument in his petition to the district court, petitioner would fail adequately to state a claim for coram nobis relief. The record in this case contains no evidence that petitioner has sought and been denied licensure as a securities broker, that he has ever been so employed in the past, or that he could obtain such employment but for his conviction. His claim is purely speculative, and as such we do not think it sufficient to justify invoking the "extraordinary remedy," *Morgan*, 346 U.S. at 511, 74 S.Ct. 247, of coram nobis relief. To meet the burden of demonstrating that he suffers from a continuing legal consequence, a petitioner must at least point to "a concrete threat that an erroneous conviction's lingering disabilities will cause serious harm.... [I]t is not enough to raise purely speculative harms." *United States v. Craig*, 907 F.2d 653, 658 (7th Cir.1990); *see also Hager v. United States*, 993 F.2d 4, 5 (1st Cir.1993) (petitioner must demonstrate *"significant* collateral consequences from the judgment") (emphasis added).[3] The requirement of continuing legal consequences would lose all force if speculative harms of the sort petitioner relies upon in this case were sufficient to state a claim for coram nobis relief.

Accordingly, we hold that the district court did not abuse its discretion in denying the coram nobis petition, and we affirm the judgment of the district court.

---

**3.** The Courts of Appeals for the Ninth Circuit and the Fourth Circuit apparently assume that any conviction necessarily leads to continuing legal consequences for purposes of coram nobis relief. *See United States v. Walgren*, 885 F.2d 1417, 1421–22 (9th Cir.1991); *Hirabayashi v. United States*, 828 F.2d 591, 606–07 (9th Cir.1987) ("Any judgment of misconduct has consequences for which one may be legally or professionally responsible."); *United States v. Mandel*, 862 F.2d 1067, 1075 & n. 12 (4th Cir.1988). However, we find that such an open-ended approach is inconsistent with the Supreme Court's admonition in *Morgan* that coram nobis relief is to be treated as an "extraordinary remedy," 346 U.S. at 511, 74 S.Ct. 247. Moreover, a requirement that the petitioner identify a concrete and serious continuing legal consequence of his conviction appropriately works to reinforce the finality of judgments. *See United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir.1988) ("Where sentences have been served, the finality concept is of an overriding nature, more so than in other forms of collateral review such as habeas corpus, where a continuance of confinement could be manifestly unjust.").