**UNITED STATES of America**

**v.**

**Jack E. BRONSTON, Defendant.**

**No. 80 CR. 224 MP.**

United States District Court, S.D. New York.

July 30, 1999.

Robert G. Morvillo, New York City, for Jack Bronston.

Pamela R. Chepiga, U.S. Atty. Office, Crim. Div., New York City, for U.S.

### *DECISION*

MILTON POLLACK, Senior District Judge.

The defendant, a lawyer, was convicted of two counts of mail fraud on October 23, 1980, following an eight-day trial before this Court and a jury. He was sentenced on January 2, 1981 to jail time followed by a period of probation. His conviction was affirmed on appeal and his petition to the United States Supreme Court for certiorari was denied on April 5, 1982. Defendant served his term of imprisonment and on release he completed his term of probation.

On March 30, 1999, defendant *pro se* served a motion to vacate the 1981 judgment seeking relief in the nature of a writ of error *coram nobis* and for the recusal of the undersigned from further consideration of this matter based on the same grounds as asserted in 1980 [1] and for the further ground that he did not receive a fair trial citing alleged incorrect instructions to the jury, and prejudice of the Court against him by allying himself with the prosecution. Defendant's 1980 motion

---

**1.** On July 8, 1999 the defendant submitted a letter to the Court stating "defendant's *pro se* motion for recusal is hereby withdrawn."

for recusal was denied by the District Court.

The defendant's appeal to the Second Circuit Court of Appeals failed to seek a review of the denial of the recusal motion. A panel of the Second Circuit affirmed defendant's conviction by a divided Court, two to one.

The opinion for the Appellate Court stated in relevant part:

"A partner in a law firm used the mails with the specific intent of the defrauding one of his firm's own clients of the precise interest which it had been retained to defend. This falls within the ambit of the mail fraud statute . . ."

"We have examined Bronston's other claims of error and find them to be without merit. A reading of the trial transcript satisfies us that the district court's handling of the trial was fair and impartial." (*United States v. Bronston*, 658 F.2d 920, 929–30 (2d. Cir.1981)).

The defendant's instant motion made in 1999 for an order recusing this Court from further consideration of this matter again mentioning the grounds rejected by the District Court in 1980 was made returnable on the 16th day of April 1999. On April 20, 1999, the defendant filed papers entitled in the United States Circuit Court of Appeals for the Second Circuit petitioning for a Mandamus:

". . . for the purpose of recusing Judge Pollack from further consideration of an application for writ of error *coram nobis* in *U.S. v. Bronston*, 80 CR. 224(MP) originally tried by Judge Pollack . . . The object of the April 16 appearance before Judge Pollack was to obviate this mandamus proceeding by having His Honor voluntarily recuse himself from consideration of his own error. His Honor did not do so."

Judge Pollack stated at the hearing on April 16, 1999 that:

"He was prepared to follow whatever action the Circuit Court took with respect to recusal [5] and later stated that

'The Court will suspend any action on the two motions that are before this Court . . . until after we have heard from the Court of Appeals as to what they wish to do.' "

On April 27, 1997, the Court of Appeals noted that "A petition for a writ of mandamus having been filed, upon consideration thereof, it is

"Ordered that said petition be and it hereby is DENIED."

The defendant asserts in his motion papers that the ground for his *coram nobis* petition is the ruling in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). Defendant contends that his conviction was based upon the deprivation of "intangible, rather than property rights."

■ After careful consideration of the relevant facts and circumstances presented on defendant's *coram nobis* petition, the Court is of Opinion and holds that the petition does not affirmatively demonstrate—as it must—"compelling circumstances" that justify the "extraordinary remedy" sought herein. *Fleming v. United States* 146 F.3d 88, 91 n. 3 (2d Cir.1998). The sound reasons requisite for failure to seek appropriate earlier relief are lacking in this petition. *See Foont v. United States*, 93 F.3d 76, 79 (2d Cir.1996). The petitioner was convicted in 1981 and could have brought an application for relief twelve years ago in 1987, when the Supreme Court rendered the *McNally* decision that he now claims mandates the vacating of his conviction.

■ Apart from the untimeliness of the petition, it appears further that the defendant misinterprets the basis upon which his conviction was predicated. He was indicted and found guilty of more than what he claims was merely a "deprivation of intangible, rather than property rights" and *McNally* would not afford relief to the defendant even if timely sought. The Court of Appeals stated in its Decision:

"The evidence was sufficient to allow the jury to convict Bronston of mail fraud based on his breach of his duty of loyalty to his firm's clients, his concealment from the clients of his promotion to their harm of the interests of [others] in obtaining the franchise, his specific intent thereby to defraud his firm's clients of the very economic value his firm had been retained to protect, and his mailing of two letters in furtherance of the fraudulent scheme." *United States v. Bronston,* 658 F.2d 920, 920 (2d Cir. 1981).

Any ambiguity as to whether the Court of Appeals regarded the conviction as resting only on a deprivation of intangible rights is resolved in the Opinion, where the Court states that "Here we are faced with a straightforward economic fraud in which the object of the scheme was not merely to deprive the victims of a law firm's undivided loyalty, for which they paid $52,000, but to deprive BusTop [the client] and its minority investors of the BusTop franchise." To be sure, Judge Van Graafeiland, in dissent, argued that the case had gone to the jury [allegedly] on the pure conflict of interest theory (equivalent to the "intangible rights" theory disapproved in *McNally*) and that Judge Mansfield's broader statement of the nature of the scheme [allegedly] was neither supported by the evidence of record nor by the way in which the case had been presented to the jury. But the majority of the Court rejected this minority view from which it follows that the Court of Appeals definitively found that the broader, or more classic scheme, was the one tried and proven in this case, and this finding continues to be binding with respect to the defendant's instant application.

Accordingly, *McNally* would not require vacating Bronston's conviction, even if timely asserted.

Petition Denied.