**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William STONNER, Defendant–**
**Appellant.**

No. 03–1058.

United States Court of Appeals,
Second Circuit.

Jan. 6, 2004.

William Stonner, Averill Park, NY, for Appellant, pro se.

Barbara D. Cottrell, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Paul D. Silver, Assistant United States Attorney for the Northern District of New York), Albany, NY, for Appellee.

PRESENT: VAN GRAAFEILAND, SACK, and JOHN R. GIBSON, Circuit Judges.*

### SUMMARY ORDER

Defendant–Appellant William Stonner appeals pro se from an order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Chief Judge*) entered January 13, 1999, denying Stonner's motion to modify the amount and payment terms of his criminal fine.[1]

■ When a fine is an independent sentence term, rather than a condition of another portion of a criminal sentence, the district court may modify or remit the fine only upon a government petition pursuant to 18 U.S.C. § 3573. Here, the record is clear that the district court intended the fine to be an independent term of Stonner's sentence, and the Government has not petitioned the district court to modify the fine. Thus, the district court properly concluded that relief is not available to Stonner under § 3573.

■ Stonner also has not demonstrated that he is entitled to a writ of error coram nobis to modify the fine. A writ of error coram nobis is an extraordinary remedy that can relieve an individual of the continuing noncustodial effects of a criminal conviction only when fundamental errors were made in obtaining that conviction. *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir.1998) (per curiam). Stonner has not demonstrated that such fundamental errors were made.

Stonner raises 18 U.S.C. § 3613A, "Effect of default," as a potential ground for relief for the first time in the instant appeal. Except under extraordinary circumstances not present here, we will not address issues raised for the first time on appeal. *See, e.g., Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Zerilli–Edelglass v. N.Y. City*

---

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. In May 1999, we granted Stonner's motion to withdraw the instant appeal without prejudice to reinstatement within thirty days of entry of the district court order ruling on Stonner's pending motion for reconsideration of the January 13, 1999 order. The district court denied the motion for reconsideration on January 22, 2003, and Stonner filed a timely notice of appeal on January 29, 2003, effectively reinstating the original appeal from the denial of his motion to modify the fine.

*Transit Auth.,* 333 F.3d 74 (2d Cir.2003). We therefore decline to address Stonner's section 3613A argument here.

For the foregoing reasons, Stonner's motion to supplement the record on appeal is hereby GRANTED, his motion to strike the government's brief on appeal is hereby DENIED, and the judgment of the district court is hereby AFFIRMED.