Jae HYUN AHN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 03–2613.

United States Court of Appeals, Second Circuit.

May 3, 2004.

Roger Bennet Adler, Gaffin & Mayo, P.C. (Dudley Gaffin), New York, NY, for Appellant, of counsel.

Brian D. Coad, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York (David N. Kelley, United States Attorney, Marc L. Mukasey, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Present: McLAUGHLIN, SACK, Circuit Judges, and GERSHON, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Petitioner-appellant, Jae Hyun Ahn, appeals from the district court's denial of a petition for a writ of coram nobis. The district court (1) declined to hear the petition because it found that Ahn failed to justify his delay in seeking appropriate relief, and (2) would, in any case, have denied the writ on the merits.

To obtain coram nobis relief, a petitioner must present justifiable reasons for failing to seek appropriate relief earlier. *Fleming v. United States,* 146 F.3d 88, 90 (2d Cir.1998) (per curiam); *Foont v. United States,* 93 F.3d 76, 80 (2d Cir.1996). At least by September 1, 1998, Ahn knew that the criminal conviction and sentence he now seeks to challenge made him deportable, but he did not dispute the validity of those grounds for deportation until October 9, 2002, more than four years later. Ahn's delay in seeking appropriate relief cannot be justified by recent legal developments, *e.g. INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), which, at best, made Ahn's deportation less likely. Ahn's strategy of contesting his deportation first through immigration proceedings and then, only after those efforts failed, by challenging the criminal offense underlying his deportation is not an adequate reason for delay.

Moreover, had the district court reviewed the merits of Ahn's petition, it would have been correct to deny it. Ahn is deportable because he committed an "offense relating to commercial bribery . . . [or] forgery . . . for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(R). Ahn asserts that his previous lawyer was ineffective because he did not seek a sentence of less than one year. However, Ahn is also deportable because he was "convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." 8 U.S.C. § 1227(a)(2)(A)(ii). Ahn might have been eligible for discretionary relief had he received a sentence of less than one year, but such an attenuated

* Of the United States District Court for the Eastern District of New York, sitting by designation.

prospect for relief does not demonstrate that his former attorney's "performance fell below an objective standard of reasonableness and that the outcome ... would have been different had the attorney performed adequately." *United States v. Perez,* 129 F.3d 255, 261 (2d Cir.1997). The former attorney succeeded in obtaining a substantial downward departure, reducing Ahn's sentence from at least 27 months to only 366 days, which does not, under the circumstances, bespeak ineffectiveness.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.