**UNITED STATES of America,**
**Appellee,**

v.

**Arif DURRANI, Defendant–Appellant.**

**Docket No. 04–0717.**

United States Court of Appeals,
Second Circuit.

Nov. 23, 2004.

Mark S. Zaid, Krieger & Zaid, PLLC, Washington, D.C., for Defendant–Appellant.

William J. Nardini, Assistant United States Attorney, District of Connecticut (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief) New Haven, CT, for Appellee.

PRESENT: FEINBERG, LEVAL, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Arif Durrani was convicted in 1987 of violating the Arms Export Control Act, 22 U.S.C. § 2778(c) (1982), by shipping Hawk missile parts to Iran without a license. Central to Durrani's defense at trial, and in his seventeen-year quest for post-conviction relief, is the claim that his actions were sanctioned by the United States government as part of its activities in the Iran–Contra affair. Durrani's conviction was affirmed by this Court. *United States v. Durrani*, 835 F.2d 410 (2d Cir.1987). Durrani pursued collateral relief under 28 U.S.C. § 2255. The District Court denied that motion with prejudice in December 1992, citing Durrani's inattention to the matter and the interest in finality of judgments. Durrani did not appeal. Durrani was released from prison in September 1992. In 1995, the INS declared Durrani deportable. After Durrani's efforts to obtain political asylum were denied, he voluntarily left the United States in 1998. In January 2002, Durrani filed a petition in the District Court to vacate his judgment of conviction by writ of error *coram nobis* or *audita querela,* or alternatively for discovery. The District Court denied Durrani's petition, finding that it was procedurally barred because it was based on the same grounds raised in his § 2255 motion. In the alternative, the District Court found that Durrani had failed to satisfy the conditions for a writ of error *coram nobis,* and that the collateral relief of a writ of *audita querela* was improper where the relief he sought was

available through other post-conviction remedies. The court also denied Durrani's discovery requests because he had failed to raise a colorable claim under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), had failed to appeal the court's denial of his § 2255 motion, and because his discovery requests were overly burdensome and would replicate the discovery that he was afforded during the long course of his pursuit of post-conviction relief. This timely appeal followed. We find, assuming that Durrani was not procedurally barred from bringing the instant petition, that the District Court properly denied Durrani collateral relief under the ancient writ of *coram nobis* and did not exceed its allowable discretion in denying Durrani's request for discovery.[1]

A district court may issue a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a), where "extraordinary circumstances are present." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir.1996) (quoting *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir.1992)). "A writ of error *coram nobis* is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction. *Coram nobis* is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir.2000) (internal citations and quotation marks omitted). In reviewing a petition for the writ, we must presume that the underlying proceedings were correct; the burden of showing the contrary rests with the petitioner. *Id.* "To obtain *coram nobis* relief, a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* (internal quotation marks omitted). We review *de novo* the question of whether the district court applied the proper legal standard, but review the court's decision to deny the writ for abuse of discretion. *Id.*

"[A]n error of constitutional dimension at the time of plea or sentence renders a conviction voidable, not void, and *coram nobis* relief may be barred by the passage of time. A district court considering the timeliness of a petition for a writ of error *coram nobis* must decide the issue in light of the circumstances of the individual case." *Foont*, 93 F.3d at 79. If a district court determines that there was not sufficient justification for the failure to seek relief at an earlier time, the petition for *coram nobis* should be dismissed. *Nicks*, 955 F.2d at 167–68.

■ The District Court did not exceed its allowable discretion in determining that Durrani had failed to demonstrate sound reasons for the ten-year delay in seeking relief. Durrani's professed desire to conserve personal and judicial resources by pursuing his immigration matters before seeking collateral relief from his criminal conviction is not a legitimate reason for delay where, as the District Court found, there would be nothing inconsistent in pursuing both avenues of relief simultaneously.

■ The District Court was also within its discretion in denying Durrani's request to pursue further discovery. Rule 6(a) of the Rules Governing Section 2255 Proceed-

---

1. Durrani withdrew his appeal of the District Court's denial of his petition for a writ of *audita querela* at oral argument.

ings For the United States District Courts, which the District Court properly applied here, *see Fleming v. United States,* 146 F.3d 88, 90 n. 2 (2d Cir.1998) (per curiam) ("Because of the similarities between *coram nobis* proceedings and § 2255 proceedings, the § 2255 procedure often is applied by analogy in *coram nobis* cases.") (internal quotation marks omitted), provides that discovery may be undertaken only when "the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." As we previously recognized in ruling on Durrani's direct appeal, the secrecy surrounding the Iran–Contra affair has made it difficult for Durrani to procure government documents to support his defense. *Durrani,* 835 F.2d at 425. This fact, however, cannot permit Durrani to petition continuously for more discovery without some showing that pertinent evidence lays hidden in the government's files. To date, after being granted discovery by the court, after conducting his own depositions and investigation, Durrani has been able to turn up one memo from the Office of the Independent Counsel, which does not begin to cast doubt on the validity of Durrani's conviction. The District Court did not exceed its allowable discretion in denying Durrani's discovery request.

We have considered all of Durrani's arguments in support of his appeal and find them to be without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED.