10-3096-pr
Nordahl v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand eleven.

PRESENT:
>
> DENNIS JACOBS,
> *Chief Judge*,
> RALPH K. WINTER,
> JOSEPH M. McLAUGHLIN,
> *Circuit Judges*.

_____

Blane D. Nordahl,

      *Petitioner-Appellant*,

      v.                              10-3096-pr

United States of America,

      *Respondent-Appellee*.

_____

FOR APPELLANT:      Blane D. Nordahl, *pro se*, Jacksonville, FL.

FOR APPELLEE:      Susan Corkery, Charles N. Rose, Assistant United States Attorneys, Of Counsel, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Blane D. Nordahl, proceeding *pro se*, appeals from the district court's order denying his petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the issue of whether a district court applied the proper coram nobis standard, but review the district court's decision to deny the writ for abuse of discretion. *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). A writ of error coram nobis is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998). To obtain coram nobis relief, a petitioner must show that: (1) "there are circumstances compelling such action to achieve justice"; (2) "sound reasons exist for failure to seek appropriate earlier relief"; and (3) "the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* at 90 (internal quotation marks omitted). The writ is "not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir.1996) (internal quotation marks and ellipsis omitted). In reviewing a petition for the writ, this Court presumes that the proceedings were correct, and the burden of showing otherwise rests on the petitioner. *See Nicks v. United States*, 955 F.2d 161, 167 (2d Cir. 1992).

Here, the district court did not abuse its discretion in concluding that Nordahl failed to provide sound reasons for his delay in seeking appropriate earlier relief. There was a nearly eight-year delay between Nordahl's October 2000 judgment of conviction and September 2008 coram nobis petition. Even assuming that Nordahl did not discover that his direct appeal had been withdrawn until January 2005, it was not reasonable for him to neglect to consult with his attorney or inquire into the status of his appeal for a period of over four years, and he has not justified waiting another 3.5 years before filing his coram nobis petition. Under these circumstances, "to entertain [Nordahl's] petition notwithstanding his unjustifiable delay would be an unwarranted infringement upon the government's interest in the finality of convictions." *Foont*, 93 F.3d at 80. Because we affirm the district court's order on this basis alone, we decline to reach the court's analysis of the merits of Nordahl's coram nobis petition.

Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk