13-1882-cv
*Hanna v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 19th day of March, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
             ROBERT D. SACK,
                      *Circuit Judge*,
             JED S. RAKOFF,
                      *District Judge.*\*

_____

HANNA Z. HANNA,

     *Petitioner-Appellant*,

     - v. -                                                    No. 13-1882

UNITED STATES,

     *Respondent-Appellee.*
_____

For Petitioner-Appellant:          STEPHEN NEAL PREZIOSI, Law Office of Stephen N.
                                   Preziosi PC, New York, N.Y.

For Respondent-Appellee:           ANTHONY M. CAPOZZOLO (Peter A. Norling, *on the brief*),
                                   Assistant United States Attorneys, *for* Loretta E. Lynch,
                                   United States Attorney for the Eastern District of New
                                   York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

_____

\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-appellant Hanna Z. Hanna appeals from a judgment entered on April 12, 2013, by the United States District Court for the Eastern District of New York (Block, *J*.), granting summary judgment to respondent-appellee the United States (hereinafter "the government"). At issue is whether the district court erred in dismissing Hanna's petition for a writ of error *coram nobis* ("*coram nobis* petition"), in which he sought to vacate his 1997 misdemeanor conviction for violating 8 U.S.C. § 1306(c) by filing an application for registration of an alien that contained statements Hanna knew to be false. This conviction was obtained after a guilty plea that Hanna now argues was unconstitutional because his defense counsel: (1) failed to advise Hanna of a defense to the charges (specifically, lack of venue in the Eastern District of New York since the fraudulent applications were signed and filed in Philadelphia); (2) erroneously advised Hanna that he would not be prevented from practicing law because of his misdemeanor conviction; and (3) erroneously told Hanna that he would receive a term of probation of no more than two to three months. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues presented for review.

A writ of error *coram nobis* is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). "*Coram nobis* is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and ellipsis omitted) (italics added). To obtain *coram nobis* relief, a petitioner "must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the

petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Fleming*, 146 F.3d at 90 (quoting *Foont*, 93 F.3d at 79).

The district court denied Hanna's *coram nobis* petition under the first requirement described in *Fleming*. Specifically, it found that his venue-based claim failed because the venue challenge was meritless and therefore his prior counsel was not ineffective for declining to advise Hanna of this possible defense. It found that the remaining claims failed because his allegations were belied by the plea colloquy. We affirm the dismissal of the venue-based claim for the reasons stated by the district court. As for the remaining claims, we are not convinced that the transcripts from the plea and sentencing hearings belie Hanna's allegations about the advice provided by his defense attorney.[1] However, we affirm the judgment of the district court on an alternate ground.

On a motion for a writ of error *coram nobis*, the petitioner bears the burden of showing that "sound reasons exist for failure to seek appropriate earlier relief." *Fleming*, 146 F.3d at 90. In this case, Hanna has not addressed that requirement in any meaningful way and therefore has not sustained his burden. Accordingly, we affirm the judgment on this alternate ground.

We have considered Hanna's remaining arguments and find that they are without merit. Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] The transcript from the plea and sentencing proceedings confirm that Hanna knew that disciplinary proceedings were likely to be initiated. Hanna appeared to expect that disciplinary proceedings would be commenced; his ineffective assistance claim, however, is based on his allegation that his defense attorney told him that any disciplinary charges would be dismissed. Therefore, his allegation is not inconsistent with the statements made in the plea colloquy and at the sentencing hearing.