14-3377-cr
*United States v. Reisman*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
            *Circuit Judges,*
JOHN G. KOELTL,**
            *District Judge.*

UNITED STATES OF AMERICA,

            *Appellee,*                                    14-3377-cr

            v.

HARRY K. KAHALE, HAROLD RICHARD GRAHAM,
AND GREGORY C. SCARLATO,

            *Defendants,*

MITCHELL REISMAN,

            *Defendant-Appellant.*

---

* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**　　　　　Amy Busa (Tanya Y. Hill, *on the brief*), Assistant United States Attorneys, for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**　　　　　Mitchell Reisman, *pro se*, Mt. Laurel, NJ.

Appeal from an order of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED** and Appellant's motion to submit additional exhibits on appeal is **DENIED**.

Appellant Mitchell Reisman, proceeding *pro se*, appeals from the District Court's order denying his petition for a writ of error *coram nobis*, in which he challenged an order of restitution that was imposed as a part of his sentence following his 2010 conviction for mail and wire fraud. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a writ of error *coram nobis* for abuse of discretion, but conduct a *de novo* review with respect to whether the district court applied the proper legal standard. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). "To obtain *coram nobis* relief, the petitioner 'must demonstrate 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Id.* (quoting *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998)). *Coram nobis* is not a substitute for appeal and relief is strictly limited to those cases in which fundamental errors have rendered the prior proceeding invalid. *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996). It "is an 'extraordinary remedy' available only in rare cases." *Kovacs v. United* States, 744 F.3d 44, 54 (2d Cir. 2014) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)).

Here, the District Court applied the proper legal standard and acted well within its discretion in determining that there were no circumstances warranting *coram nobis* relief. Reisman was convicted of wire and mail fraud that resulted in pecuniary loss, mandating restitution under the Mandatory Victims Restitution Act ("MVRA"). *See* 18 U.S.C. § 3663A(c)(1)(A). The MVRA "requires the sentencing court to impose restitution . . . without consideration of the economic circumstances of the defendant." *See United States v. Catoggio*, 326 F.3d 323, 326 (2d Cir. 2003) (internal quotation marks omitted). That Reisman could not afford to pay restitution in full is thus not even relevant to the ordering of restitution under the MVRA, let alone some kind of "fundamental" error that "rendered the proceeding itself irregular and invalid." *Foont*, 93 F.3d at 78 (internal quotation marks

omitted). Moreover, Reisman has identified no reason for his failure to challenge the restitution order in his prior direct appeal. *See United States v. Graham*, 477 F. App'x 818 (2d Cir. 2012) (summary order) (rejecting Reisman's challenges to his conviction). Finally, we have already rejected, on direct appeal, Reisman's challenge to the sufficiency of the evidence supporting his conviction, *id.* at 824-25, and Reisman's reiteration of that challenge here fares no better.

## CONCLUSION

We have considered all of Reisman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the District Court and **DENY** Reisman's motion to submit additional exhibits on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk