Balkany v. United States of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> PETER W. HALL,
> > *Circuit Judges.*

———————————————————————

Milton Balkany, AKA Yehoshua Balkany,

> *Petitioner-Appellant*,

> v.                                                                 **17-3995**

United States of America,

> *Respondent-Appellee*.

———————————————————————

**FOR PLAINTIFF-APPELLANT:**          Milton Balkany, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**          Mollie Bracewell, Karl Metzner, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Milton Balkany, proceeding *pro se*, appeals the district court's denial of his petition for a writ of error *coram nobis* and motion for recusal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the issue of whether a district court applied the proper *coram nobis* standard but review the district court's "ultimate decision to deny the writ for abuse of discretion." *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). *Coram nobis* "is an extraordinary remedy available only in rare cases" and is "typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." *Kovacs v. United States*, 744 F.3d 44, 49, 54 (2d Cir. 2014) (internal quotation marks and citation omitted); *see also Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998) (*per curiam*) (describing *coram nobis* petitions as "a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction"). To obtain a writ of *coram nobis*, the petitioner "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs*, 744 F.3d at 49 (internal quotation marks and citation omitted). When reviewing a *coram nobis* petition, a court presumes that the prior proceedings were correct unless the petitioner can show otherwise. *See Mandanici*, 205 F.3d at 524.

The district court applied the proper legal standard when assessing Balkany's *coram nobis* petition.  *See, e.g.*, *Kovacks*, 744 F.3d at 49; *Mandanici*, 205 F.3d at 524.  In applying that standard, the district court did not abuse its discretion in concluding that Balkany failed to provide sound reasons for his delay in seeking earlier relief.  *See Frank v. United States*, No. 98-2409, 1999 WL 88944, at *2 (2d Cir. Feb. 18, 1999) (unpublished opinion) (describing *coram nobis* petitioner's "threshold requirement of asserting sound reasons for her failure to seek appropriate earlier relief"); *see also Mandanici,* 205 F.3d at 524.  We have explained that when assessing whether *coram nobis* relief is unavailable because of delay, "[t]he critical inquiry . . . is whether the petitioner is able to show justifiable reasons for the delay."  *Foont v. United States*, 93 F.3d 76, 80 (2d Cir. 1996).

Here, the district court properly noted that six of the issues Balkany raised in his 2017 *coram nobis* petition could have been raised either on direct appeal (decided in 2012) or in his § 2255 motion (decided in 2013).  The issues all related to Balkany's 2010 trial proceedings and he was presumably aware of these issues at the time or could have become aware of them as soon as the trial record became available.  *See id.*; *see also Frank*, 1999 WL 88944, at *2 (denying *coram nobis* petition for failure to seek earlier relief when petitioner "knew, or should have known, the asserted grounds for vacatur of her conviction several years before she actually sought relief").  Notably, Balkany did not explain why he waited over six years to bring these claims or why he could not have brought them in earlier proceedings.  *Foont*, 93 F.3d at 80.  The district court correctly noted that the seventh issue—Balkany's trial counsel's failure to argue entrapment by estoppel—could have been raised in his § 2255 motion, and Balkany again failed to provide the district court with any reason for his failure do so.  Because Balkany could have raised each individual error earlier, he could have raised his cumulative claims of error earlier as well.  "If

3

the district court decides that there was not sufficient justification for the petitioner's failure to seek [*coram nobis*] relief at an earlier time, the writ is unavailable." *Id.* (internal quotations marks, brackets, and citation omitted). Balkany's *coram nobis* petition was properly denied.

The district court did not abuse its discretion in denying Balkany's motion for recusal. *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). A judge must recuse herself "in any proceeding in which [her] partiality might reasonably be questioned." 28 U.S.C. § 455(a); *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014). Further, a judge must recuse herself if she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is not required merely because the judge deciding the petitioner's *coram nobis* petition also presided over the petitioner's criminal trial. *See United States v. Wolfson*, 558 F.2d 59, 64 (2d Cir. 1977) (denying recusal motion where judge presiding over petitioner's *coram nobis* petition also presided over his two criminal trials which ended in convictions).

Motions for recusal, however, should be made "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *LoCascio v. United States*, 473 F.3d 493, 497 (2d Cir. 2007) (*per curiam*) (internal quotation marks and citation omitted). To that end, we have explained that prompt recusal applications (1) afford the district judge a chance to assess the merits of the application before taking any additional steps that may be inappropriate; and (2) avoid the risk that a party may withhold moving for recusal as a "fall-back position" to challenge adverse rulings later on. *Id*. In assessing whether a recusal motion is timely, the relevant factors include "whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can

demonstrate good cause for delay." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 334 (2d Cir. 1987) (internal citations omitted).

Although the district court did not consider it, timeliness "presents a serious threshold question." *Id.* at 333. Notably, Balkany moved for recusal based solely on the district judge's comments during his 2010 trial proceedings. Applying the timeliness factors, Balkany participated substantially in his trial proceedings (he was the sole defendant). The district court judge, who also adjudicated Balkany's § 2255 motion, presided over the entirety of Balkany's proceedings, and her recusal would result in the assignment of a judge unfamiliar with the case at this late stage. Balkany filed his recusal motion after his judgment of guilt and denial of his § 2255 motion, and he has not demonstrated why he waited several years to move for recusal when he could have done so either at his 2010 trial or in his 2012 habeas petition. *See id.* at 334. Because these factors weigh heavily against a finding that Balkany's recusal motion satisfied the "serious threshold question" of timeliness, the district court judge did not abuse her discretion in denying the motion to recuse. *See id.* at 333–34.

Even if Balkany's recusal motion was timely, the district court judge's comments did not warrant recusal. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Balkany challenges the judge's comment that defense counsel may have misled the jury to believe that a government witness violated an ethical obligation and that she intended to clarify this issue with the jury. *See* Appellant's Br. at 18. This comment, however, merely reflects the judge's decision to instruct the jury regarding testimony and a legal issue concerning a lawyer's ethical

obligation, not bias against Balkany. He also challenges the judge's comment that Balkany "is an extortionist." *Id.* That isolated remark was made outside the presence of the jury during a colloquy with defense counsel prior to the close of the government's case when the judge explained why she declined to permit an entrapment defense. The remark constitutes an opinion "formed by the judge on the basis of facts introduced" and, by itself, does not reveal a "deep-seated . . . antagonism" to Balkany. *See Liteky*, 510 U.S. at 555. Finally, Balkany asserts that the judge's comments about his family's and a friend's praying in front of the jury and her description of the friend as a man "with a long grey beard" evidence her bias against the Jewish religion and its adherents. Appellant's Br. at 19—20. These comments represent the judge's observations regarding conditions in the courtroom that she deemed appropriate to note for the record. They cannot form a basis for recusal. *Liteky*, 510 U.S. at 555.

We have considered all of Balkany's remaining arguments in support of his *coram nobis* petition and motion for recusal and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6