20-2176-cv
*Rodgers v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-one.

PRESENT:  JON O. NEWMAN,
                    JOSÉ A. CABRANES,
                    BARRINGTON D. PARKER,
                                *Circuit Judges.*

---

ARNOLD EUGENE RODGERS, AKA ARNOLD EUGENE ROGERS,

|                               |              |
|-------------------------------|--------------|
| *Petitioner-Appellant,*       | 20-2176-cv   |
| v.                            |              |

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

---

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | Arnold E. Rodgers, *pro se*, Rahway, NJ. |
| **FOR RESPONDENT-APPELLEE:** | Daniel H. Wolf, Anna M. Skotko, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney, Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Arnold Rodgers, proceeding *pro se*, appeals from the District Court's June 2020 order denying his petition for a writ of error *coram nobis*. In 2012, he pleaded guilty to transporting and receiving a firearm and ammunition in interstate commerce based on his sale of a 9mm handgun and several rounds of ammunition to a cooperating witness, in violation of 18 U.S.C. § 924(b). He was sentenced to 18 months' imprisonment and 2 years' supervised release. In 2018, two years after Rodgers concluded his term of supervised release, he filed a petition for a writ of error *coram nobis*, seeking to vacate his conviction. He argued that his counsel was constitutionally ineffective for failing to argue that, based on an Arizona district court decision, *United States v. Havelock*, 560 F. Supp. 2d 828 (D. Ariz. 2008), his offense conduct did not satisfy the "interstate" requirement of the crime. The District Court denied his petition, reasoning that his counsel's performance was not constitutionally ineffective in not relying on that non-binding decision based on distinguishable facts. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When assessing a district court's decision on a writ of error *coram nobis*, we review the legal standards the district court applied *de novo* but review the court's decision to deny the writ for abuse of discretion. *See Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019). An abuse of discretion is found "only where the trial judge ruled in an arbitrary or irrational fashion." *United States v. Kelley*, 551 F.3d 171, 175 (2d Cir. 2009) (per curiam) (internal quotation marks omitted). A district court has abused its discretion if it has: (1) based its ruling on an erroneous view of the law; (2) made a clearly erroneous assessment of the evidence; or (3) rendered a decision that cannot be located within the range of permissible decisions. *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009). "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed *de novo*." *LoCascio v. United States*, 395 F.3d 51, 54 (2d Cir. 2005) (internal quotation marks omitted).

The writ of error *coram nobis* is an "extraordinary remedy" that "issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009). Thus, the writ serves as "a remedy of last resort," *Fleming v. United States*, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam), and is "strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (alteration in original) (internal quotation marks omitted). To receive *coram nobis* relief, a petitioner must show "that 1) there are circumstances compelling such action to achieve justice[;] 2) sound reasons exist for failure to seek appropriate earlier relief[;] and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (internal quotation marks omitted). When reviewing a petition for a writ of error *coram*

*nobis*, courts must "presume the proceedings were correct" and "[t]he burden of showing otherwise rests on the petitioner." *Fleming*, 146 F.3d at 90 (internal quotation marks omitted).

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "Thus, ineffective assistance of counsel" may constitute compelling circumstances, and "is one ground for granting a writ of *coram nobis*." *Kovacs*, 744 F.3d at 49. A claim of ineffective assistance requires a defendant to show, first, "that counsel's representation fell below an objective standard of reasonableness" and, second, that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As to the first prong, "a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Venturella*, 391 F.3d 120, 135 (2d Cir. 2004) (internal quotation marks omitted). "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. The defendant bears the burden of establishing that his attorney's representation was constitutionally ineffective. *Id.* at 694.

Contrary to Rodgers's assertion on appeal, the District Court both "laid out" and "applied" the correct *coram nobis* standards, citing *United States v. Morgan*, 346 U.S. 502, 511, 512 (1954), *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir. 1992), and *Kovacs*, 744 F.3d at 49. Further, the District Court properly analyzed his petition for *coram nobis* relief, based on ineffective assistance of counsel, under the *coram nobis* factor that the petitioner show "circumstances compelling such [relief] to achieve justice," and properly analyzed Rodgers's ineffective assistance arguments under *Strickland*, which provides the governing standard. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (*Strickland* "established the legal principles that govern claims of ineffective assistance of counsel."). Although Rodgers broadly argues that counsel's performance, rooted in "inattention and indifference," was unreasonable, and the Court failed to assess "whether, and to what extent, certain pretrial investigation was conducted," the District Court performed the analysis that *Strickland* and its progeny demand: an assessment of the objective reasonableness of counsel's representation. *See Strickland*, 466 U.S. at 688.

In applying that standard, the District Court did not abuse its discretion in denying Rodgers's *coram nobis* petition. Rodgers relied on *Havelock* to show that his counsel was constitutionally ineffective (i.e., failed to conduct a pretrial investigation) by not arguing that his conduct did not violate § 924(b). But the District Court properly rejected Rodgers's ineffectiveness argument based on his reading of *Havelock*—an out-of-circuit case based on clearly distinguishable facts—and held that his counsel was objectively reasonable for not relying on it. Therefore, Rodgers's counsel was not constitutionally ineffective for failing to bring a *Havelock*-based argument to the Court's attention, or to object to the Government's description of § 924(b) based on *Havelock*, because doing so would have been meritless. *See United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008) (per curiam) ("[F]ailure to make a meritless argument does not amount to ineffective

3

assistance."). The District Court's denial of Rodgers's petition for a writ of *coram nobis* on ineffective assistance of counsel grounds was not an abuse of discretion and was "located within the range of permissible decisions." *See Lynch*, 589 F.3d at 99.

## CONCLUSION

We have reviewed all of the arguments raised by Rodgers on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 11, 2020 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk